1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10  JOSEPH M. PELTON,

11              Plaintiff,                    CASE NO.    C06-5389RBL-KLS

12       v.                                   ORDER TO SHOW CAUSE
                                              REGARDING MEDICAL
13  MICHAEL J. ASTRUE, Commissioner of        EXPERT TESTIMONY
    Social Security,
14
                Defendant.
15

16

17
18
19
20

21     Plaintiff, Joseph M. Pelton, has brought this matter for judicial review of the denial of his

22  applications for disability insurance and supplemental security income benefits.  This matter has been

23  referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates

24  Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).

25  After reviewing the parties' briefs and the remaining record, the Court hereby orders as follows:

26     In her opening brief, plaintiff asserts the record is incomplete as it does not include the hearing

27  testimony of the medical expert, Sally Clayton, Ph.D., called to testify by the administrative law judge

28  ("ALJ").  Plaintiff also moves in her opening brief to compel defendant to produce the transcript of this

ORDER
Page - 1

1  testimony and to allow supplemental briefing to address it, or, if such a transcript is unavailable, to remand
2  this matter for a new hearing. While plaintiff has not properly noted his motion to compel, nevertheless, the
3  undersigned finds that although it appears Dr. Clayton did testify (see Tr. 21), no such transcript of that
4  testimony is included in the record.

5  Defendant has not responded to plaintiff's motion or the issue of the missing testimony. However,
6  its absence is not harmless, as it appears to have been substantive in nature, and the ALJ relied on it to a
7  fairly large extent in making his disability determination:

> The impartial medical expert, Dr. Clayton, following her review of all the medical evidence of record opined that the claimant suffers from substance induced mood disorder versus major depression and anti-social passive/aggressive personality disorder. She also noted the claimant's acknowledged ongoing consumption of alcohol characterized as "not everyday." Dr. Clayton opined that his low mood probably is mildly worsened secondary to consumption of alcohol, a known depressant agent. She further noted however that his personality disorder features were unchanged by his alcohol consumption. She specifically stated that his personality disorder features were longstanding and likely permanent in his nature.
>
> In conclusion, Dr. Clayton opined that the claimant's alcohol abuse was not material in the overall nature and severity of his mood and personality disorders. Dr. Clayton concluded that he [sic] claimant's combined impairments under listings 12.04 and 12.08, absent drug and alcohol abuse, while considered in combination with his alleged back pain, were not such severity as to meet or medically equal any impairments listed in the regulations . . . I concur with Dr. Clayton's opinion, finding her opinion is both supported by and consistent with the substantial and medical evidence of record . . .

17  Id. Without the ability to review that testimony, furthermore, the Court is unable to determine if the ALJ's
18  evaluation of it was proper – which is particularly important in light of the fact that plaintiff is challenging
19  the ALJ's evaluation of the medical evidence in the record – and thus unable to properly determine whether
20  the ALJ's overall disability determination itself should be upheld.

21  Accordingly, defendant hereby is ordered to supplement the record by filing a copy of the transcript
22  containing Dr. Clayton's testimony by **no later than June 24, 2007**, or show cause why this matter should
23  not be remanded for further administrative proceedings, including a new hearing to obtain the testimony of
24  Dr. Clayton of, if she is unavailable, other medical expert testimony deemed necessary by the ALJ. If
25  defendant does so supplement the record by the above date, the Court shall set new briefing deadlines to
26  allow for supplemental briefing to address Dr. Clayton's testimony. Failure of defendant to timely respond
27  to this order shall result in a recommendation that this matter be remanded for further administrative
28  proceedings as noted above, including a new hearing.

1     The Clerk shall send a copy of this Order to counsel for plaintiff and counsel for defendant.

2     DATED this 24th day of May, 2007.

                                                      /s/ Karen L. Strombom

                                                      Karen L. Strombom
                                                      United States Magistrate Judge